[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter came before this Court for a trial by jury on the plaintiff's complaint that the defendant, Cumberland Farms, Inc., was negligent in the maintenance and supervision of its property located at 225 Willett Avenue, East Providence on the 3rd of June 1999 and that said negligence caused her to fall and suffer injuries; in essence, a classic slip-and-fall case. After hearing the plaintiff, her doctor, her daughter and a disinterested neighbor, as well as the manager and supervisor of Cumberland Farms, the jury found for the defendant. Specifically the jury answered NO to Interrogatory No. 1:
 "Do you find that the plaintiff has proven by a fair preponderance of the evidence that Cumberland Farms, Inc. was negligent on June 3, 1999?
Based on the jury's response, the Court entered judgment for the defendant and from that judgment the plaintiff moves for a new trial pursuant to Rule 59 of the Superior Court Rules of Civil Procedure alleging:
a) The verdict of the jury was against the law;
b) The verdict of the jury was against the evidence;
 c) The verdict of the jury was against the law and the evidence and the weight thereof;
 d) The evidence was uncontradicted that plaintiff tripped over the cement block in defendant's parking lot and that the tie rod holding the cement block was protruding above the block immediately following plaintiff's fall. Thus, the evidence of defendant's negligence was uncontradicted and reasonable minds could not differ in that regard;
 e) The verdict of the jury failed to do substantial justice between the parties.
In reviewing a Motion for a New Trial, the Court acts as a super juror, if you will, and exercises its independent judgment and reviews the evidence in light of its charge to the jury, passing on the weight of the evidence and the credibility of the witnesses. If the Court concludes that the evidence is so evenly balanced that reasonable minds could differ, the Court must approve the verdict even though it might have doubts about its correctness. If the Court concludes, as argued, that the verdict fails to do substantial justice between the parties or that the verdict is against the law and the evidence, the Court must grant the Motion for a New Trial.
Applying the aforementioned test to the evidence and inferences which reasonably flowed from the evidence presented, I find on the issue of negligence reasonable minds could easily differ on whether the plaintiff met her burden and, consequently, the Court is compelled to deny the Motion for a New Trial.
Clearly the plaintiff was injured as a result of her fall on the defendant's premises on June 3, 1999. Further, it is not disputed that the injuries described by Dr. Pizzarello were a direct result of the fall on June 3, 1999. What is in dispute is how she fell. The plaintiff's testimony is vague at best, compounded by the inconsistencies in her deposition used at trial. Of specific note is her testimony that she did not look down as she was walking. Rather, she testified, she generally looks straight ahead. She parked at an angle from the cement block that served as a divider. She left the motor running while she intended to go into the store to make a purchase. All she remembers, she testified, is opening the car door, taking one step and falling. She never testified how she fell, what she fell on, or what caused her to fall. Mr. Steadman testified that immediately after the fall he adjusted a tire rod protruding from the cement block, which block presumably was the location of the fall. She, however, was unable to testify that she either saw the cement block, let alone the rod, or could she testify that she in fact fell over the rod or the block. Further testimony, although a bit confusing, supports the plaintiff's contention that the defendant remedied a bad situation, thus establishing constructive notice on the part of the defendant. Such notice, it is argued, supports an inference of negligence. Remedying a defective condition does not itself prove negligence. Rather, it is a fact upon which negligence may be inferred. Had this matter been tried before me alone I may have found the defendant was negligent because of Steadman's testimony. From all the evidence presented, I would, however, have been compelled to find that the plaintiff's own acts not only contributed but, in fact, caused her fall, causing her injuries. Comparatively speaking, I would have found the plaintiff was 80-90% responsible for her own injuries. The jury found no negligence on the part of Cumberland Farms. Because reasonable minds could differ, the verdict must stand